UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CANDY MITCHELL,

    Plaintiff,

v.                                   Case No: 3:16-cv-332-J-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## **OPINION AND ORDER**

Plaintiff, Candy Mitchell, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

**A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

Plaintiff filed applications for a period of disability, DIB, and SSI on November 26, 2012, alleging a disability onset date of July 1, 2011. (Tr. 209-11, 212-17). Plaintiff's applications were denied initially on January 18, 2013, and upon reconsideration on March 21, 2013. (Tr. 141-45, 146-51, 157-61, 162-66). Plaintiff requested a hearing and on December 9, 2014, a hearing was held before Administrative Law Judge Robert Droker ("the ALJ"). (Tr. 75-96). On January 8, 2015, the ALJ entered a decision finding that Plaintiff was not disabled. (Tr. 57-74). Plaintiff requested review of this decision and the Appeals Council denied Plaintiff's request on January 29, 2016. (Tr. 1-7). Plaintiff initiated the instant action by Complaint (Doc. 1) on March 21, 2016. The parties having filed memoranda setting forth their respective positions, this case is ripe for review.

**D. Summary of the ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 1, 2011, the alleged onset date. (Tr. 59). At step two, the ALJ found that Plaintiff had the following severe impairments: disorders of the hands, disorders of the spine, hypertension, fatigue, and affective disorder. (Tr. 59). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically

equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 59-60).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform less than light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant is capable of: occasionally lifting/carrying twenty pounds; frequently lifting/carrying 10 pounds; standing or walking six hours of an eight hour workday; and sitting six hours of an eight hour workday. She should avoid ladders, unprotected heights, and heavy, moving machinery. She is limited to occasionally bending, stooping, kneeling, and crouching. The claimant should avoid squatting and crawling. She should avoid the push/pull of arm controls and overhead reaching. The claimant needs a low stress work environment with no production lines and simple tasks. She should avoid contact with the public.

(Tr. 61). At step four, the ALJ found that Plaintiff was not capable of performing her past relevant work as a school cafeteria cook. (Tr. 67).

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 68). Relying on the testimony of a vocational expert, the ALJ found that Plaintiff could work such occupations as office helper, mail clerk, and marker. (Tr. 68). The ALJ concluded that Plaintiff had not been under a disability from July 1, 2011, through the date of the decision, January 8, 2015. (Tr. 68-69).

## II. Analysis

Plaintiff argues that "[t]he ALJ incorrectly summarized the medical evidence of record or alternatively does not assign weight to the opinions of the treating physicians." (Doc. 15 p. 4). Specifically, Plaintiff contends that the ALJ erred by improperly relying on a portion of the Functional Capacity Evaluation completed by Plaintiff's treating physician, John Drewniany,

M.D.. Plaintiff contends that the ALJ relied on the portion of Dr. Drewniany's opinion that stated Plaintiff exerted submaximal effort on hand and pinch grip testing, but does not mention that Dr. Drewinany elsewhere in the evaluation remarked that Plaintiff's effort was consistent. (Doc. 15 p. 6). In addition, Plaintiff argues the ALJ erred by failing to discuss the weight accorded to the opinion of Brett Puckett, M.D. and Marc Kaye, M.D. of Shands Jacksonville--Bone and Joint Institute ("Shands"), who examined Plaintiff after the opinion offered by Dr. Drewniany. (Doc. 15 p. 7).

In response, Defendant argues that substantial evidence supports the ALJ's finding, after proper evaluation of the medical opinion evidence, that Plaintiff could at least frequently handle, finger, and reach in all directions but overhead. (Doc. 18 p. 4). Defendant contends that the ALJ specifically discussed the medical evidence from Shands Jacksonville and argues that because this evidence is consistent with the ALJ's finding of severe hand impairment, but does not indicate limitations greater than those included in the ALJ's RFC finding, the ALJ was not required to explicitly state the weight he gave it. (Doc. 18 p. 5).

Here, upon review of the ALJ's decision, the Court finds no basis to reverse and remand. By the Court's estimation, the ALJ completed a thorough summarization of the medical record across nearly six single-spaced pages. The Court does not find any error in the ALJ's thorough summarization of Dr. Drewniany's opinion:

> On August 22, 2012, the claimant attended a functional capacity evaluation. During the evaluation, there was evidence of submaximal effort on hand and pinch grip testing. It was determined the claimant is performing at the light functional level. She is able to stand and alternate sitting and standing on a continuous basis. She is able to frequently walk, climb stairs, and climb a ladder. The claimant stated she is able to sit, stand, and walk for 300 minutes or five hours. She demonstrated a poor tolerance for lifting greater than 20 pounds, tasks which require overhead lifting, and repetitive grasping. However, it was noted she exhibited a high pain focus (Exhibits 6-F, 11-f). Based on the results of the functional

capacity evaluation, Dr. Drewniany opined the claimant is capable of performing a light activity regime with no lifting greater than 20 pounds on an occasional basis and 10 pounds on a frequent basis. He indicated the claimant is at maximum medical improvement with a 6 percent whole person impairment rating. Dr. Drewniany assessed no additional limitations. (Exhibit 7-f).

(Tr. 64). While Plaintiff is correct that there is some ambiguity in Dr. Drewniany's opinion as to whether she gave submaximal effort, it is incorrect to suggest that the ALJ "relied" on this fact in weighing the evidence. The ALJ's decision shows that he did not rely on Dr. Drewniany's note that Plaintiff gave submaximal effort:

> Turning to the opinion evidence, the undersigned gives great weight to Dr. Drewniany's opinion that due to her hand and wrist impairments, the claimant's ability to lift and carry has been decreased to 20 pounds occasionally and 10 pounds frequently. Generally, a treating source's opinion is entitled to great weight if it well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record (20 CFR 404.1527 and 416.927). Dr. Drewniany's opinion is supported by the functional capacity evaluations and physical examinations throughout the record which show minimal abnormalities on physical examinations. After the claimant's surgery her symptoms have been treated conservatively with splinting and medication. Diagnostic imaging of her right hand shows her condition is stable. Imaging of her left hand 2014 showed normal alignment of the carpal bones. In addition, there was no evidence of joint space narrowing or degenerative joint disease. Although there appears to be slightly decreased strength in her hands at times, this is adequately accommodated by the residual functional capacity. Dr. Drewniany's opinion is generally consistent with the findings and opinions of Dr. Steinberg and Dr. Manuel that there are no physical abnormalities to explain the claimant's subjective complaints of pain and she is not precluded from performing work activity. Dr. Drewniany's limitations are also supported by the residual functional capacity offered by the Disability Determination Services physician, Dr. Walker. To better accommodate the claimant's limitations in her upper extremities, the undersigned also finds she should avoid the push/pull of arm controls and overhead reaching. In addition, the claimant has postural and environmental limitations to accommodate restrictions due to back pain.

(Tr. 66). Substantial evidence supports the ALJ's treatment of Dr. Drewniany's opinion.

As to the record from the doctors at Shands Jacksonville, the ALJ's decision shows that he considered and discussed this evidence. The ALJ noted Plaintiff's complaints of pain, numbness, and tingling in her wrists and forearm (Tr. 838); difficulties grasping and holding objects (Tr. 850); and pain, numbness, and temperature and color changes in her hands (Tr. 842). He further noted that despite these complaints the treatment notes contained testing indicating stable findings, normal carpal bone alignment with no evidence of joint space narrowing or degenerative joint disease, only mild ulnar nerve compression on the right, and a negative rheumatological workup showing no connective tissue or autoimmune disease of the bones or joints (Tr. 65, 795-96, 798, 848, 852-53, 875). The ALJ even acknowledged the statement from a physician that degenerative disease of the CMC joints was the likely cause of Plaintiff's wrist complaints (Tr. 65, 846).

Plaintiff is correct that the ALJ erred by failing to state the weight he accorded the opinions of the doctors from Shands. Ordinarily, it would be reversible error for the ALJ to fail to state the weight accorded a physician's opinion. *See MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986). Here, however, Plaintiff has failed to show that any of the records from Shands contradict the ALJ's findings or demonstrate that Plaintiff is more limited than found by the ALJ in his RFC determination. For this reason, the Court finds it would be inappropriate to reverse and remand. *See Wright v. Barnhart,* 153 F. App'x 678, 684 (11th Cir. 2005) (finding the ALJ's failure to explicitly weigh the opinions of four physicians harmless error because none of the physicians' opinions directly contradicted the ALJ's findings).

### III. Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on June 27, 2017.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties